### In re ADVENTURE RESORTS OF AMERICA, INC., Debtor.

### Bankruptcy No. 93–3514–BKC–3P1.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 18, 1995.

Pamela V. Hansen, New Orleans, LA, Jason Burnett, Jacksonville, FL, for debtor.

Bruce Russell, U.S. Dept. of Justice, Washington, DC, for I.R.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO CLAIM 41

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Adventure Resorts of America, Inc.'s ("Debtor") Objection to claim 41 filed by the United States Internal Revenue Service ("Claimant"). The claimant assessed a deficiency against the debtor for failing to withhold taxes on interest paid to a foreign corporation and levied penalties against the debtor for failing to file tax form 1042. Upon the evidence presented at a final evidentiary hearing on January 31, 1995, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. From 1989 until 1991, debtor was a subchapter S corporation held by Charles Edward Patton, James H. Patton, and Edward L. Lewis ("PP & L"). During this period, debtor paid interest to Abaco Ventures, Limited. ("Abaco"), a foreign corporation, and listed the payments on its 1989, 1990, and 1991 1120–s tax returns.

2. In 1989, 1990, and 1991, the debtor failed to withhold tax at the source for interest paid to Abaco as required by 26 U.S.C. § 1442(A). Debtor also failed to file tax form 1042 as required by Treas.Reg. § 1.1461–2(b) (1994).

3. On March 9, 1993, debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee. Venue of the case was transferred to the Middle District of Florida on June 29, 1993.

4. On December 19, 1994, the claimant filed a claim the debtor, consisting of a secured claim of $17,322.03; an unsecured priority claim of $137,747.05 for unpaid withholding taxes and interest for 1989, 1990, and 1991; and an unsecured general claim of $29,592.91 for delinquency penalties.

5. Pursuant to 26 U.S.C. § 6651(a)(1), the claimant assessed a 25 percent delinquency penalty against the debtor for failing to file tax form 1042. The penalties for 1989 through 1991 totalled $28,306.17.

6. The debtor admits liability for the secured claim, the amount of the withholding tax, and the interest due. The debtor objects to the portion of the general unsecured claim for penalties attributable to debtor's failure to file form 1042.

### CONCLUSIONS OF LAW

The primary issue before the Court is whether the claimant's assessment of penalties under 26 U.S.C. § 6651(a)(1) should be allowed. To determine whether the penalties were properly assessed, however, the Court must examine the legality of the undisputed portions of the claim regarding the unpaid withholding taxes.

Because the majority of claim 41 is undisputed, the Court finds it unnecessary to engage in a lengthy discussion of the burden of proof. For purposes of adjudicating the disputed portion of the claim, the Court accepts the proof of claim as prima facie evidence of the debtor's tax liability. *See* Fed. R.Bankr.P. 3001(f). *See also Helvering v. Taylor,* 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935) and *In re VTN, Inc.,* 69 B.R. 1005 (Bankr.S.D.Fla.1987).

### ASSESSMENT OF UNPAID WITHHOLDING TAXES AND INTEREST

In 1989, 1990, and 1991, debtor paid interest to Abaco Ventures, Limited, a/k/a Abaco Venturers, Limited, a Bahamian corporation.

Section 1442(a) of the Internal Revenue Code requires domestic corporations paying interest to foreign corporations to withhold a tax percentage. In relevant part, the statutes states:

> (a) In the case of foreign corporations subject to taxation under this subtitle, there shall be deducted and withheld ... a tax equal to 30 percent thereof. 26 U.S.C. § 1442(a).

The withholding tax due is determinable by computing 30 percent of the interest paid to Abaco Ventures, Limited. The Court finds that claimant's Exhibit 7 presents a straightforward calculation of the withholding tax, assessing the tax liability for each year in issue as follows:

| Year | Interest Paid to Abaco | Tax Due |
|------|------------------------|---------|
| 1989 | $ 57,054.08 | $17,116.22 |
| 1990 | $136,702.72 | $41,010.82 |
| 1991 | $183,658.80 | $55,097.64 |

The debtor does not dispute the amount of interest paid to Abaco or the amount of unpaid withholding taxes assessed by the claimant. The Court finds that the total unpaid withholding tax due is $113,224.68.

The amount of interest due on the unpaid withholding tax is also undisputed. To petition date, the interest due for each year is issue is as follows:

| Year | Withholding Tax Due | Interest |
|------|---------------------|----------|
| 1989 | $17,116.22 | $ 7,791.95 |
| 1990 | $41,010.82 | $12,237.69 |
| 1991 | $55,097.64 | $ 3,943.76 |

The Court finds that the total interest due on the unpaid withholding taxes is $23,973.40.

## ASSESSMENT OF DELINQUENCY PENALTIES

The claimant asserted a claim against debtor for delinquency penalties which totalled $29,592.91. The debtor objects only to penalties relating to debtor's failure to file tax form 1042 as required by Treas.Reg. § 1.1461–2(b) (1994).

■ A domestic corporation paying interest to a foreign corporation is required to withhold for tax 30 percent of the total amount paid. 26 U.S.C. § 1442(a). The corporation required to withhold the tax is termed a "withholding agent." 26 U.S.C. § 7701(a)(16). *See also* Treas.Reg. § 1.1441–7(a) (1994). Pursuant to Treasury Regulations § 1.1461–2 (1994), withholding agents "shall make on or before March 15 an annual return on form 1042 of the tax required to be withheld...." Any withholding agent failing to file form 1042 is subject to penalties under 26 U.S.C. § 6651. Treas.Reg. § 1.1461–2(e).

In relevant part, 26 U.S.C. § 6651(a)(1) imposes penalties against a taxpayer "[i]n case of failure—(1) to file any return required under authority of subchapter A of Chapter 61 ... not exceeding 25 percent in the aggregate...."

■ Debtor paid interest to a foreign corporation and was required to withhold a tax equal to 30 percent of each yearly total. Debtor failed to withhold the tax and failed to report the tax on form 1042 as required by Federal Treasury Regulations. Debtor's failure to report the withholding tax on the appropriate form subjects it to delinquency penalties computed at 25 percent of the total tax due. The claimant's assessment of the delinquency penalties totals $28,306.17. The Court finds that the penalties are correctly assessed.

Debtor's objection to claim 41 maintains that the claim should be disallowed because the claim is unliquidated and not supported by documentation. These arguments are insufficient to rebut the claim. The claim for delinquency penalties is readily calculated at 25 percent of the amount of tax due. The claimant supports its claim with the undisputed tax records of the debtor and a copy of form 1042 with accompanying instructions.

## CONCLUSION

The Court concludes that the debtor is liable for the following: 1) unpaid withholding taxes for 1989–1991 totalling $113,224.68; 2) interest due on unpaid withholding taxes totalling $23,973.40; 3) delinquency penalties for failure to file form 1042 totalling $28,-306.17; and the uncontested portions of claim 41 including a secured claim of $17,322.03, uncontested liabilities for WT–FICA and FUTA payments totalling $548.97, and penalties on the uncontested portion of the claim

totalling $1,286.74. Debtor's total liability on claim 41 is $184,661.99.

The claimant acknowledges computational errors in its original Revenue Agent's Report (Form 4549(A)) on which claim 41 was based. The Corrected Revenue Agent's Report is in evidence as Government's Exhibit 7 and is the basis of the Court's assessment of the debtor's tax liability. The claimant seeks leave to file an amended proof of claim to correct the errors in the original claim.

■ The Court understands that amendments to proofs of claim require thorough examination to ensure that the amending party has not asserted a claim wholly independent from those in the original proof of claim. *In re AM International, Inc.,* 67 B.R. 79, 81 (N.D.Ill.E.D.1986). The Court finds that the amendment proposed by the claimant asserts corrections to the original claim and no new claims have been introduced.

Accordingly, by separate order, the Court will overrule debtor's objection to claim 41 and order the claimant to amend its proof of claim within 30 days to conform with the corrected Revenue Agent's Report which is in evidence as Government's Exhibit 7. The Court will issue a final order in accordance with these findings of fact and conclusions of law after the amended proof of claim has been filed and any objections have been ruled upon.

### ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM 41 WITHOUT PREJUDICE TO CLAIMANT FILING AN AMENDED CLAIM WITHIN 30 DAYS

This case came before the Court on debtor's objection to claim 41 filed by the Internal Revenue Service. Upon findings of fact and conclusions of law separately entered, it is

**ORDERED:**

1. Debtor's objection to claim 41 is overruled.

2. The Internal Revenue Service shall have 30 days to amend its proof of claim to conform to the corrected Revenue Agent's Report which is in evidence as Government's Exhibit 7.

3. If the amended proof of claim is filed without objection, the Court will enter a final order in accordance with the findings of fact and conclusions of law entered on this date.